# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA**
        **Plaintiff,**

    v.                                      Case No. 09-CR-302

**OSCAR DIAZ**
        **Defendant.**

## DECISION AND ORDER

Defendant Oscar Diaz moved to suppress evidence seized pursuant to a search warrant, arguing that the issuing state court commissioner lacked authority under the Wisconsin constitution to approve the warrant. He did not contend that the warrant was unsupported by probable cause or invalid for any reason other than the identity of the issuing official. The magistrate judge handling pre-trial proceedings in this case recommended that the motion be denied. Defendant objects, requiring me to review the matter de novo. Fed. R. Crim. P. 59(b)(3).

The magistrate judge surveyed the relevant state constitutional history and produced a detailed discussion of the possible sources of authority for court commissioners to issue search warrants under the Wisconsin constitution.[1] But, as he ultimately noted, the issue before this court is not whether the warrant satisfied state law. The issue is whether it satisfies the Fourth Amendment. Cf. Virginia v. Moore, 553 U.S. 164 (2008) (upholding arrest supported

---

[1] Defendant's argument is based on the fact that, when Wisconsin amended its state constitution in 1977, creating a unified court system, it removed from the document any specific reference to "court commissioners." If accepted, defendant's argument would appear to strip Wisconsin court commissioners of the authority to perform any judicial functions, not just the issuance of warrants.

by probable cause under the Fourth Amendment, even though it violated state law). As the Sixth Circuit noted in rejecting a similar argument based on state warrant-issuing practices: "In federal court, when the Exclusionary Rule is at issue, the only applicable law is the Federal Constitution." United States v. Franklin, 284 Fed. Appx. 266, 269 (6th Cir. 2008); see also United States v. Brewer, 588 F.3d 1165, 1172 (8th Cir. 2009) (rejecting argument that non-compliance with state law rendered search warrant void); Bowling v. Rector, 584 F.3d 956, 968 (10th Cir. 2009) (holding "that for Fourth Amendment purposes, the conduct of officers acting in excess of their statutory authority must be tested by traditional Fourth Amendment standards"); United States v. Sims, 553 F.3d 580, 585 (7th Cir. 2009) (noting that although Illinois law requires that a copy of the warrant be given to the person whose property is searched, state law does not define federal constitutional requirements); United States v. Sanderson, 298 Fed. Appx. 619, 620 (9th Cir. 2008) ("Since Sanderson was prosecuted in federal court, the legality of the warrant and search are questions of federal, not state law."); United States v. Porter, 654 F. Supp. 2d 938, 941-42 (E.D. Ark. 2009) (collecting cases).

In Franklin, a police officer, unable to locate a judge in his own county, obtained a search warrant from a "general sessions judge" from a neighboring county. The defendant argued that the judge lacked authority to issue the warrant under state law, but the district court declined to suppress the evidence. The Sixth Circuit explained that:

> the district court was correct to deny Defendant's motion to suppress because the evidence at issue was seized pursuant to a valid warrant. The constitutional test for the issuance of a warrant is that it be issued by a neutral and detached magistrate.[FN4] Johnson v. United States, 333 U.S. 10, 14 (1948). Here, the judge who issued the warrant in question was a magistrate judge.[FN5] Moreover, there is nothing in the record to suggest, nor does Defendant claim, that the judge was not neutral and detached. As such, the warrant issued was valid, and Defendant's motion to suppress the evidence seized pursuant to the warrant must be denied. Although Defendant claims that the warrant was improper

2

because the judge did not follow the applicable state procedure, as the aforementioned case law demonstrates, state law is irrelevant in federal court when the Exclusionary Rule is at issue. The only applicable law in the instant matter is the Federal Constitution, and its standards have clearly been met.

> [FN4] The Constitution also requires that a warrant be based on probable cause. U.S. Const. amend. IV. For our purposes, however, we are only concerned with the qualifications of the magistrate.
>
> [FN5] In Tennessee, general sessions judges are magistrate judges. T.C.A. § 40-5-102.

Id. at 271; see also United States v. Norsworthy, 654 F. Supp. 2d 581, 587-88 (S.D. Tex. 2009) (collecting cases holding that violation of state law in securing a warrant should not result in suppression in a federal prosecution).

In Shadwick v. City of Tampa, 407 U.S. 345 (1972), the Supreme Court elaborated on the necessary qualifications of a "neutral and detached" magistrate. The specific issue in that case was whether municipal court clerks, authorized by the charter of Tampa, Florida to issue arrest warrants, qualified under the Fourth Amendment. Id. at 345-46. The Court concluded that they did, even though state law did not require that the clerks have a law degree or special legal training. The Court explained:

> The substance of the Constitution's warrant requirements does not turn on the labeling of the issuing party. The warrant traditionally has represented an independent assurance that a search and arrest will not proceed without probable cause to believe that a crime has been committed and that the person or place named in the warrant is involved in the crime. Thus, an issuing magistrate must meet two tests. He must be neutral and detached, and he must be capable of determining whether probable cause exists for the requested arrest or search. This Court long has insisted that inferences of probable cause be drawn by a neutral and detached magistrate instead of being judged by the officer engaged in the often competitive enterprise of ferreting out crime. In Coolidge v. New Hampshire, supra, the Court last Term voided a search warrant issued by the state attorney general who was actively in charge of the investigation and later was to be chief prosecutor at trial. If, on the other hand, detachment and capacity do conjoin, the magistrate has satisfied the Fourth

3

Amendment's purpose.

Id. at 350 (internal citations and quote marks omitted); see also United States v. Pennington, 328 F.3d 215, 217-18 (6th Cir. 2003) (applying Shadwick).

In the present case, defendant makes no allegation that Wisconsin court commissioners do not satisfy these two tests. Rather, he attempts to distinguish Shadwick as a "qualification" case rather than an "authorization" case. However, he cites no authority for the proposition that the Fourth Amendment contains a third requirement, i.e., that the issuing official be authorized to act under state law. Nor, under the circumstances of this case, can I conclude that any such requirement renders the instant search warrant void. The Shadwick Court declined to decide whether a state could lodge warrant authority in persons entirely outside the sphere of the judicial branch, id. at 352, but it is undisputed that whatever the precise scope of their authority under the Wisconsin constitution, court commissioners are part of the Wisconsin judicial branch, see Wis. Sup. Ct. R. ch. 75. To the extent that there may be, implicit in the concept of a neutral and detached magistrate, a requirement that the issuing official have some cognizable legal authority to issue warrants, see Franklin, 284 Fed. Appx. at 271-72, that requirement is met here as well, as the Wisconsin legislature has specifically provided that circuit court commissioners may issue search warrants, see Wis. Stat. § 757.69(1)(b). This is not a situation where the officer obtained a warrant from someone wholly without legal authority.[2]

---

[2]Defendant concedes that the Wisconsin legislature authorized court commissioners to perform certain judicial functions, including the issuance of search warrants, but he argues that this legislative enactment is invalid for its constitutional non-compliance. However, he cites no Wisconsin case disapproving either the statute or the practice of commissioners issuing warrants. Instead, he relies on a case, State ex rel. Perry v. Wolke, 71 Wis. 2d 100 (1976), in which the Wisconsin supreme court held that in the absence of express statutory authority

4

Finally, as the magistrate judge also noted, the primary purpose of the exclusionary rule – to deter police misconduct, see United States v. Leon, 468 U.S. 897, 906 (1984) – would not be served by suppression in this case. Defendant concedes that the issue is unclear as a matter of state law; indeed, he suggests that I grant the motion so that the Seventh Circuit could, on the government's appeal, certify the issue to the Wisconsin supreme court under Wis. Stat. § 821.02. But it is undisputed that Wisconsin court commissioners have been issuing search warrants for decades. Defendant presents no basis for concluding that a police officer could not rely in good faith on a warrant issued by a Wisconsin court commissioner. See Leon, 468 U.S. at 926. He makes no allegation that the police intentionally or recklessly sought the warrant from a person plainly unauthorized to issue it. Cf. United States v. Scott, 260 F.3d 512 (6th Cir. 2001) (suppressing evidence seized pursuant to a warrant issued by a retired judge, where the officer chose not to present the application to a proper circuit judge).[3]

As the Supreme Court has explained, suppression of evidence should be a last resort,

---

court commissioners could not conduct preliminary examinations.

[3] In Scott, a pre-Moore case, the court concluded that a warrant issued by a person lacking legal authority "is void ab initio," and that Leon should not apply to uphold the search. Id. at 515. However, the court went on to note that the officer in that case could have presented the warrant application to an active, available judge but "instead chose to present the warrant to a retired judge." Id. Because there is no evidence that the officer in this case chose to submit the application to an unauthorized person, Scott is distinguishable. I note that there is Wisconsin authority for the proposition that evidence seized pursuant to a warrant issued by a person "without any authority whatsoever" must be suppressed. See State v. Hess, 320 Wis. 2d 600, 770 N.W.2d 769, 772 (Ct. App. 2009). However, Hess relied primarily on state rather than federal law in reaching this conclusion. For the reasons stated in the text, I must apply federal law here. Moreover, defendant makes no showing that the commissioner in this case acted outside the authority granted by § 757.69. Nor does he argue that the commissioner acted outside his jurisdiction, and the warrant (a copy of which defendant filed) indicates that a Milwaukee county commissioner issued the warrant for a property in Milwaukee county.

5

not the first impulse.  Hudson v. Michigan, 547 U.S. 586, 591 (2006).  The exclusionary rule should be applied only where its remedial objectives are most efficaciously served, that is, where its deterrence benefits outweigh its substantial social costs.  Id.  Under the circumstances presented here, the balance does not weigh in favor of exclusion.

Therefore, for these reasons and those stated by the magistrate judge,

**IT IS ORDERED** that the recommendation is adopted and defendant's motion to suppress (R. 13) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 12th day of February, 2010.

/s Lynn Adelman
_____
LYNN ADELMAN
District Judge